

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MWG          *271 Cadman Plaza East*
F. #2003R01546    *Brooklyn, New York 11201*

January 11, 2024

By ECF

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    United States v. Duane Leisenheimer
                Criminal Docket No. 03-861 (NGG)

Dear Judge Garaufis:

       The government respectfully submits this letter in response to the defendant's sentencing letter dated January 9, 2024, which contains certain objections to the Presentence Investigation Report ("PSR") prepared in this case.

       Specifically, the defendant objects to the assessment of three criminal history points for the civil contempt order issued against him in 1985. See PSR ¶ 56. Upon review of the defendant's argument, United States Sentencing Guidelines ("U.S.S.G.") § 4A1.2, and applicable case law, the government agrees with the defendant's position. The 1985 contempt disposition does not fall within the definition of "prior sentence" for purposes of the Guidelines because the defendant was never adjudicated guilty of a crime and never received a definite sentence. See United States v. Hammerschmidt, 881 F.3d 633, 638-39 (8th Cir. 2018) (holding that civil contempt disposition did not count for criminal history points because the defendant "was never adjudicated guilty, and he did not receive a definite sentence"). Accordingly, the government agrees with the defendant that he should be assessed zero criminal history points and is, therefore, in Criminal History Category I.

       The defendant also asserts that, because he has no criminal history points, he should receive an additional two-level reduction in the adjusted offense level pursuant to the Zero-Point Offenders provision of the Guidelines, U.S.S.G. § 4C1.1. The government disagrees. For this section to apply, the defendant must meet ten criteria, one of which is the following: "the offense did not result in death or serious bodily injury." U.S.S.G. § 4C1.1(4). Here, the offense plainly resulted in the death of Cesare Bonventre (by murder). Thus, the government submits that the Probation Department has correctly calculated the adjusted offense level to be 38.

An adjusted offense level of 38 at Criminal History Category I yields an advisory Guidelines range of 235 to 293 months' imprisonment.

Respectfully submitted,

BREON PEACE
United States Attorney

By: */s/ Michael W. Gibaldi*
Michael W. Gibaldi
Assistant U.S. Attorney
(718) 254-6067

cc: Clerk of the Court (NGG) (by ECF)
Gary A. Farrell, Esq. (by ECF and E-Mail)
Jaime L. Turton, United States Probation Officer (by E-Mail)